STATE of Tennessee, Appellee,

v.

Charles T. KOLB, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

June 10, 1988.

Karl F. Dean, Sr. Asst. Public Defender, Jeanne Harris, Research Asst., Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Albert L. Partee, III, Asst. Atty. Gen., Nashville, Cheryl Blackburn, Asst. Dist. Atty. Gen., Memphis, James F. Walsh, Jr., Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as a matter of right by Charles T. Kolb pursuant Rule 3(b), T.R.A.P. following his conviction by the Davidson County Criminal Court for escape from the Tennessee Department of Correction. Appellant received a sentence of from one to five years incarceration. A single issue is presented for appellate review:

Whether the trial court erred in overruling appellant's motion to dismiss due to a lack of speedy trial.

The record reveals that appellant, along with three co-defendants, escaped from our Department of Correction on September 28, 1981. On January 22, 1982, appellant was indicted for escape.[1]

Approximately two months later on April 9, 1982, the Tennessee Department of Correction received notice from the Interstate Compact Division of the Department of Correction in Alabama that appellant was in a Mobile, Alabama jail.[2] In May of 1982, appellant was sentenced to life without parole in the Alabama Department of Correction. However, it was not until November of 1986 that Tennessee was officially informed that appellant was in the custody of the Alabama Department of Correction. Consequently, on November 18, 1986, the State of Tennessee placed a "hold" against the appellant with the Alabama Department of Correction. In response, in December of 1986 appellant wrote a letter to the Davidson County District Attorney demanding trial.

Appellant was arraigned in this State on March 2, 1987. He filed a Motion to Dismiss due to lack of speedy trial on March 30, 1987. On May 5, 1987, the motion was overruled by the trial judge. Trial was held on June 1, 1987 resulting in appellant's conviction.

Appellant, relying on *State v. Bishop*, 493 S.W.2d 81 (Tenn.1973) and *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), submits that he was denied a speedy trial. Specifically, appellant argues that the State was aware of his whereabouts in Alabama on or before April 9, 1982, yet failed to exercise due diligence in placing a detainer on him at that time. Thus, it is the delay between the time of appellant's indictment and November of 1986, when Tennessee placed a hold on him with the Alabama Department of Correction, that is the focus of our review.

Clearly, the right to speedy trial arises under the Sixth Amendment to the Constitution of the United States made applicable to the State by the Fourteenth Amendment in *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), Article 1, Section 9 of the Constitution of Tennessee, and T.C.A. § 40–14–101. Therefore, defendants in criminal cases in Tennessee have both a constitutional and statutory right to a speedy trial.

In *Barker v. Wingo, supra,* the Court enunciated a balancing test in which the conduct of both the prosecution and the

---

1. We note for the record that appellant, in an unrelated matter, was indicted for a subsequent escape from Sullivan County. *See State v. Kolb,* C.C.A. No. 801, Sullivan County, opinion released March 21, 1988 at Knoxville [available on WESTLAW, 1988 WL 26778].

2. At appellant's hearing on his Motion to Dismiss, it was revealed that the State had in its file an "unofficial" note regarding appellant's whereabouts dated January 27, 1982.

defendant is weighed. Four criteria are specifically to be considered:

1. The length of the delay;
2. The reason for the delay;
3. Whether the defendant asserted a claim to his right; and
4. Whether the defendant was prejudiced by the delay.

## THE LENGTH OF THE DELAY

The length of the delay between indictment and trial is, to some extent, a triggering mechanism for the appellate court. The sixty-four month delay in the case *sub judice* is inarguably excessive and sufficient to trigger further speedy trial analysis. This factor alone, however, does not demand a finding that the defendant was denied his Sixth Amendment right to a speedy trial. *See Barker v. Wingo, supra; Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). Thus, it is important to balance the length of the delay along with the remaining factors enunciated in *Barker* in order to determine if the appellant's right to speedy trial has been abridged. *State v. Baker,* 614 S.W.2d 352, 354 (Tenn.1981).

## THE REASON FOR THE DELAY

There is nothing before this Court to suggest that the cause for the delay here is attributable to the appellant. The State suggests that following his escape from the Tennessee Department of Correction in 1982, appellant was a fugitive from justice; yet, he did nothing to assert his right to speedy trial until December of 1986. Such rationale is tantamount to the demand rule which has been rejected by both the United States and Tennessee Supreme Courts. *See Barker v. Wingo, supra; State v. Bishop, supra.* Clearly, a defendant is under no duty to bring himself to trial. *See State v. Bishop, supra,* at 84.

The State further claims that even though in early 1982 it was known that defendant was incarcerated in a Mobile, Alabama jail, he was at that time unavailable for trial in Tennessee because he was not amenable to process under the Interstate Agreement on Detainers until his custody was transferred to the Alabama Department of Correction. Tenn.Code Ann. § 40–31–101 et seq.; *United States v. Roberts,* 548 F.2d 665 (6th Cir.1977), *cert. denied* 431 U.S. 920, 97 S.Ct. 2188, 53 L.Ed.2d 232 (1978); *United States v. Dobson,* 585 F.2d 55 (3rd Cir.1978) *cert. denied,* 439 U.S. 899, 99 S.Ct. 264, 58 L.Ed.2d 247 (1978); *United States v. Harris,* 566 F.2d 610 (8th Cir.1977). This may be so, however, the State neglects to point out that a hold could have been placed upon the appellant at that time. Furthermore, we note that the appellant was transferred from the Mobile jail to the Alabama Department of Correction in May of 1982. This transfer went unnoticed by the State of Tennessee and the inordinate delay between this time and November of 1986 can only be charged to lack of due diligence by the State.

Delays between indictment and trial which are occasioned by actions of members of the executive branch of government in general, and by the prosecuting attorney or members of the Department of Correction in particular, must be considered the responsibility of the State. *State v. Wallace,* 648 S.W.2d 264 (Tenn. Crim.App.1980) citing *State v. Bishop, supra,* at 84. In *Dickey v. Florida,* 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), the United States Supreme Court stated:

> ... A negligent failure by the government to ensure speedy trial is virtually as damaging to the interests protected by the right as an intentional failure; when negligence is the cause ... the crucial question in determining the legitimacy of governmental delay may be whether it might reasonably have been avoided—whether it was unnecessary.

398 U.S. at 51–52, 90 S.Ct. at 1575–76.

In dealing with the question of negligent delay, Tennessee law requires a determination of the necessity of that delay, or, in the language of *Dickey,* whether it was "reasonably avoidable." *Dickey, supra,* 398 U.S. at 52, 90 S.Ct. at 1576. Measured against this standard, the delay in this case cannot said to be necessary. It was the product of bureaucratic miscommunication or indifference on the part of corrections

officials which, reasonably speaking, was not unavoidable. As one court has noted, where delay is "the product of sheer bureaucratic indifference (that factor) weighs heavily against the government." *United States v. MacDonald*, 632 F.2d 258, 262 (4th Cir.1980).[3]

Tennessee courts have on at least three occasions considered cases in which the defendant was "lost" in the correctional process. In *Arrowsmith v. State*, 131 Tenn. 480, 175 S.W. 545 (1915), the Court held that the fact that the defendant was incarcerated was no legal excuse for the delay. A speedy trial was defined as a trial as soon after indictment as the prosecution can, with reasonable diligence, prepare for it, without needless, vexatious, or oppressive delay. In another case, *Wright v. State*, 218 Tenn. 610, 405 S.W.2d 177 (1966), our Supreme Court quoted from *Arrowsmith* and held that the defendant's constitutional right to a speedy trial had been violated under facts similar to those of the case *sub judice* because the State could have obtained and tried the defendant, but it did not. Thirdly, in *State v. Wallace*, 648 S.W.2d 264 (Tenn.Crim.App. 1980), a delay which was caused by the fact that the appellant was "lost" in the Tennessee correctional system resulted in denial of his right to a speedy trial under the Sixth Amendment to the United States Constitution and under Article I, § 9 of the Tennessee Constitution.

Assuming, *arguendo*, that the delay was caused not by Tennessee but by the Alabama correctional system, such delay nevertheless should be imputed against the prosecution. *See Nelms v. State*, 532 S.W. 2d 923, 926 (Tenn.1976). Accordingly, the cause for the delay in the case *sub judice* is attributed to the State.

## ASSERTION OF RIGHT

■ Failure to assert one's right to speedy trial is in itself an implication that a defendant was not actively seeking a swift trial. Evidence that a defendant did not want a speedy trial would warrant the finding of a constitutional violation only in extraordinary circumstances. *See Barker v.*

*Wingo, supra.* The record does not suggest that appellant failed to assert this right.

The record reveals that on December 16, 1986, after a hold was placed against him by Tennessee in November, appellant wrote the Davidson County District Attorney requesting a speedy trial. Appellant's action under the circumstances was reasonable and timely. Although the State contends that appellant's request for speedy trial was not in the format required by the Compact on Detainers Act, we find that the substance of this request was more than ample to provide the State with adequate notification.

As to the State's implication that the appellant was under an obligation to request a speedy trial prior to a hold being placed upon him, we disagree. A defendant is under no duty to bring himself to trial. *See State v. Bishop, supra*, at 84. Thus, the appellant made a reasonable and timely assertion of his constitutional right to speedy trial.

## PREJUDICE BY THE DELAY

■ Finally, we consider the matter of prejudice resulting from the delay. The United States Supreme Court in *Barker* expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial. While we recognize that an affirmative demonstration of prejudice to the appellant is not essential to prove a denial of the right to a speedy trial, *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973), we find that such an affirmative demonstration has been made here. *See State v. Wallace, supra*, at 270.

The *Barker* court suggested the following three-fold analysis for determining prejudice:

1. Undue and oppressive incarceration;
2. Anxiety accompanying public accusation; and
3. Impairment of ability to prepare a defense.

---

**3.** Reversed on other grounds, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

Appellant has asserted prejudice as to each of the above. However, it is in the latter context that we find prejudice to the appellant. The Court in *Barker* held that the impairment to the defense was the single most important area in which prejudice could be felt. 92 S.Ct. at 2193.

Given the totality of circumstances presented in this case, we find that the defendant's conviction was secured in violation of his right to a speedy trial, as expressed in both our state and federal constitutions. Accordingly, the judgment of the trial court is reversed and the case dismissed.

DAUGHTREY and SCOTT, JJ., concur.