IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE 1997 SESSION

FILED

July 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
        Appellant,           )      NO. 02C01-9702-CC-00076
                             )
                             )      MADISON COUNTY
VS.                          )
                             )      HON. WHIT LAFON, JUDGE
                             )
JOE DAVID SLOAN,             )
                             )      (Possession with Intent to Sell
        Appellee.            )      and/or Deliver a Schedule II
                             )      Controlled Substance)
                             )

FOR THE APPELLANT:                  FOR THE APPELLEE:

JOHN KNOX WALKUP                    CLIFFORD K. McGOWN, JR.
Attorney General and Reporter       (appeal only)
                                    113 North Court Square
KENNETH W. RUCKER                   P.O. Box 26
Assistant Attorney General          Waverly, TN 37185
450 James Robertson Parkway
Nashville, TN 37243-4351            GEORGE MORTON GOOGE
                                    (at trial and of counsel on appeal)
JERRY WOODALL                       District Public Defender
District Attorney General
                                    STEPHEN P. SPRACHER
SHAUN A. BROWN                      (at trial and of counsel on appeal)
Assistant District Attorney General Assistant Public Defender
Lowell Thomas State Office Building 227 West Baltimore Street
225 Martin Luther King Drive        Jackson, TN 38301
Jackson, TN 38301


OPINION FILED: _____



REVERSED AND REMANDED



JOE G. RILEY,
JUDGE

## OPINION

Pursuant to Rule 3(c) of the Tennessee Rules of Appellate Procedure, the State of Tennessee appeals the order of the Circuit Court of Madison County dismissing the indictment charging Joe David Sloan with possession with the intent to sell and/or deliver methamphetamine, a Schedule II controlled substance. Sloan filed a *pro se* Motion to Dismiss, and after a hearing, the trial court dismissed the indictment. We reverse the decision and remand to the trial court for further proceedings.

## BACKGROUND

In April 1993, Sloan was indicted for the possession of methamphetamine, a Schedule II controlled substance, with the intent to sell and/or deliver. The offense allegedly occurred on or about September 19, 1992. Apparently, at the same time he was arrested for the possession of methamphetamine, he was also charged with possession of marijuana. According to Sloan's unsworn statement to the trial court, he pled guilty in City Court to simple possession of marijuana on September 20, 1992. The record does not contain a City Court warrant or judgment.

After the indictment was returned, the state could not apprehend Sloan since he was incarcerated in Florida at the time. In August 1993, Sloan was released on parole in Florida. He was thereafter incarcerated in the Tennessee Department of Correction on an unrelated charge. Sloan was arraigned on the present charge on September 19, 1996.

Subsequently, Sloan filed a *pro se* motion to dismiss the indictment of April 5, 1993. A copy of the motion is not included in the record. Counsel was appointed on Sloan's behalf. The trial court held a hearing on December 3, 1996.

At the hearing on the motion, Sloan stated that he based his motion on the grounds of double jeopardy. The state began to make its argument on double

2

jeopardy when the trial court interjected:

THE COURT: All right now, stop.

Mr. Spracher, do you wish to amend his motion that it be dismissed for failure to have a speedy trial?

MR. SPRACHER: We could do that, Your Honor.

THE COURT: Do you do that?

MR. SPRACHER: We do that, Your Honor.

THE COURT: All right, I grant that motion.

MR. BROWN: Your Honor, could I just state for the record that his speedy trial doesn't come up until he's served with a warrant. He's never been served until the past month or so.

THE COURT: Well is there any other way I can dismiss it?

MR. SPRACHER: Yes, sir, mandatory joinder.

THE COURT: Do what?

MR. BROWN: No, sir, Your Honor --

THE COURT: I want something that will stand. Mr. Brown, this man has been in jail down there. He's here, and this thing has been pending that length of time, and if he can go back to Florida and get himself straightened out, we'll all be better off. Now how can I do it?

. . .

The state then continued its argument in opposition to the double jeopardy grounds when the court interrupted as follows:

THE COURT: Well I'm going to dismiss it.

MR. BROWN: Yes, sir. For that reason, Your Honor, or for the length of time?

THE COURT: Both of them. Do you see what I'm trying to do, Mr. Brown?

MR. BROWN: Yes, sir.

No evidence was presented at the hearing, other than the unsworn statements of Sloan and arguments of counsel.

Other than speedy trial grounds, the trial court never articulated on what other basis the indictment was dismissed. The written order dismissing the indictment provides as follows:

This cause came to be heard . . . upon the defendant's *pro se* written Motion to Dismiss and the Public Defender's oral Motion to Dismiss

3

for lack of a speedy trial. It being shown to the Court that the matter should be dismissed for both reasons stated by the defense . . .

While it is clear that the trial court dismissed the indictment on speedy trial grounds, the transcript of the hearing and the written order are unclear as to the trial court's ruling on the issues of double jeopardy and mandatory joinder. Consequently, we will address all three issues.

## DOUBLE JEOPARDY

The state argues that the trial court erred in dismissing the indictment on the grounds of double jeopardy. The state asserts that the misdemeanor possession of marijuana (a Schedule VI controlled substance) and the felony possession with the intent to sell and/or deliver a Schedule II controlled substance constitute two separate and distinct offenses. Therefore, the state contends that no double jeopardy violation exists.

In State v. Campbell, 549 S.W.2d 952 (Tenn. 1977), the Supreme Court held that the sale of two separately scheduled controlled substances constitutes two separate and distinct offenses which would permit separate convictions. Subsequently, the court extended its holding in Campbell to state that the possession with the intent to sell two or more controlled substances within the same schedule constitutes separate and distinct offenses. State v. Collier, 567 S.W.2d 165, 166 (Tenn. 1978). In both cases, the Supreme Court considered the legislative history of the Drug Control Act and concluded that the legislature intended that the sale of each substance should constitute a separate act.

Methamphetamine is classified as a Schedule II controlled substance. Tenn. Code Ann. § 39-17-408(d). Because marijuana is a Schedule VI controlled substance, possession of marijuana constitutes a separate offense distinct from the possession of methamphetamine with the intent to sell and/or deliver. *See* Tenn. Code Ann. § 39-17-415(1). Accordingly, a prosecution on the indictment would not be barred on the grounds of double jeopardy.

## MANDATORY JOINDER

Sloan submits that the trial court properly dismissed the indictment due to the state's failure to join the offenses under Tenn. R. Crim. P. 8(a). The state instead asserts that mandatory joinder was not a basis for the dismissal of the indictment. However, even if mandatory joinder was a basis for dismissal of the indictment, the state claims that this was error because Rule 8(a) does not apply in this case. We agree.

Rule 8(a) of the Tennessee Rules of Criminal Procedure provides in pertinent part:

> Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s) and if they are within the jurisdiction of a single court.

Defendant argues this rule bars the prosecution of the offense involving methamphetamine because this offense arose out of the same conduct as the offense involving marijuana.

The Tennessee Rules of Criminal Procedure govern the procedure conducted in "all courts of record in Tennessee," subject to some enumerated exceptions. Tenn. R. Crim. P. 1. However, Sloan allegedly pled guilty to possession of marijuana in City Court, which is not a "court of record." In addition, Rule 8 is not specifically enumerated under Rule 1 as being applicable to the General Sessions Courts.[1] Furthermore, this court has previously held that Rule 8(a) does not apply to criminal proceedings before the General Sessions Courts. State v. Teresa G. Pickett, C.C.A. No. 01C01-9301-CC-00026 (Tenn. Crim. App. filed December 2, 1993, at Nashville); *see also* State v. Roy C. Curtis, C.C.A. No. 01C01-9002-CC-00047 (Tenn. Crim. App. filed October 18, 1990, at Nashville). The misdemeanor marijuana charge could be disposed of in City Court, whereas

---

[1] The term General Sessions Court as provided by Rule 1 includes municipal courts exercising the jurisdiction of a General Sessions Court. Tenn. R. Crim. P. 1, Advisory Commission Comments.

the felony methamphetamine charge could not. *See* Tenn. R. Crim. P. 5 and 5.1. Therefore, the state was not required to join these two offenses into one prosecution.

## SPEEDY TRIAL

The state claims that the trial court erred in dismissing the indictment for lack of a speedy trial. The state complains that Sloan was allowed to orally amend his motion to include speedy trial grounds. The state further asserts that because the trial court did not allow the state to present proof as to the reason for the delay, the court was ruling that the three and a half year delay "constituted a speedy trial violation as a matter of law."

In Barker v. Wingo, the United States Supreme Court developed a balancing test to determine when a defendant has been denied his right to a speedy trial under the Sixth Amendment. 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Barker the court discussed the balancing of four factors: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted a claim to his right, and (4) whether defendant was prejudiced by the delay. Id. Our Supreme Court adopted this balancing test in State v. Bishop, 493 S.W.2d 81, 83-84 (Tenn. 1973).

The length of the delay is the "triggering mechanism that will necessitate the consideration of the other three factors." State v. Wood, 924 S.W.2d 342, 346 (Tenn. 1996). However, the length of the delay alone will not support a finding of a speedy trial violation. State v. Vance, 888 S.W.2d 776, 778 (Tenn. Crim. App. 1994); State v. Kolb, 755 S.W.2d 472, 474 (Tenn. Crim. App. 1988). It is necessary to balance the length of the delay along with the other three Barker factors in order to determine if a speedy trial violation has occurred. Kolb, 755 S.W.2d at 474.

In the present case, the trial court's ruling did not reflect a balancing test of the four Barker factors. Nor was the ruling based upon any evidence other than the time between the indictment and the subject hearing. Accordingly, this case is

6

remanded for a hearing so that the trial court may allow proof and make findings of fact and conclusions of law concerning the alleged speedy trial violation.

## CONCLUSION

For the foregoing reasons, this Court respectfully reverses the order of the trial court and remands for further proceedings consistent with this opinion.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**