# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1998

FILED

February 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02C01-9612-CR-00456 |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. L. T. LAFFERTY, Judge |
| | ) | |
| DANIEL M. BAILEY, | ) | |
| | ) | (Aggravated Rape; |
| Appellant | ) | Aggravated Sexual Battery) |

For the Appellant:

**Kathleen L. Caldwell**
Taylor, Halliburton, Ledbetter
and Caldwell
44 North Second, Suite 200
Memphis, TN  38103

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Deborah A. Tullis**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Charles Bell**
Asst. District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**O P I N I O N**

The appellant, Daniel M. Bailey, was convicted by a Shelby County jury of one count of aggravated rape and one count of aggravated sexual battery. The trial court imposed consecutive sentences of fifteen years and eight years respectively to be served in the Department of Correction. The appellant appeals as of right from these convictions raising as his sole issue the denial of his constitutional right to a speedy trial.

After review, we affirm the trial court's judgment.

### Background

The procedural background of the case is as follows: The appellant was indicted on June 17, 1993 on one count of aggravated sexual battery in violation of Tenn. Code Ann. § 39-13-502 and on one count of aggravated rape in violation of Tenn. Code Ann. § 39-13-504. The indictments, which involve separate victims, were consolidated for trial. Trial was originally set for April 25, 1994 but on that date the trial was rescheduled. The record suggests that this continuance was granted so that the State and defense counsel could explore the possibility of a plea agreement. The trial court rescheduled the trial for November 7, 1994. The appellant did not object to the new trial date. On November 7, 1994, the State requested a new trial date because the State encountered problems in returning the minor victims to Tennessee to testify. The record indicates that the children were living with their father in California and there were complications concerning the children's travel arrangements due to a custody battle between the children's parents. The trial date was again rescheduled for April 17, 1995.[1]   On that date,

---

[1]The appellant alleges that on April 18, 1995 he filed a motion to dismiss the indictment upon grounds that he was denied his right to a speedy trial. Additionally, he avers in his brief that he opposed the State's motions for continuance. However, we note that no opposition, either orally or by written motion, to the continuances are included in the record before us. Moreover, the record contains only one motion to dismiss filed by the appellant. This motion was filed on March 4, 1996 which was the first day of the appellant's scheduled trial. Two motions to dismiss for lack of a speedy trial are appended to the appellant's brief. These motions reflect the dates of

2

the trial date was rescheduled for November 1995. The record does not reflect the reason for this postponement of trial. In November 1995, the trial court on its own motion rescheduled the trial for March 1996 due to scheduling conflicts in its November 1995 trial calendar. The appellant's trial was then rescheduled for March 4, 1996. The trial was held on March 4 and 5, 1996. In sum, the record reflects that the appellant's trial date was rescheduled four times.

At trial, the appellant's statement to the police admitting to various sexual assaults of both minor victims was introduced. The proof established that the appellant was the step-grandfather of both victims who were six and eight years old at the time of these offenses. The appellant's charged criminal conduct was corroborated by the testimony of both victims' at trial. The jury returned a verdict of guilty for both offenses. The appellant remained free on bail during the entire time between indictment and trial. At the time of the offenses, the appellant was married to the victims' grandmother. At some point during the rescheduling of the appellant's trial dates, his wife allegedly became hostile toward him and filed for divorce.

## ANALYSIS

The appellant contends that he was denied his constitutional and statutory right to a speedy trial. See U.S. Const. amend. VI; Tenn. Const. art. I, sec. 9; Tenn. Code Ann. § 40-14-101 (1990); Tenn. R. Crim. P. 48. As a basis for this contention, the appellant argues that he was originally indicted on June 17, 1993 and his trial did not commence until March 4, 1996, resulting in a lapse of thirty-three months. He contends that, due to this delay of thirty-three months, he suffered undue

---

April 18, 1995 and January 30, 1996. Allegations of fact contained in a brief may not be considered as evidence. State v. Bennett, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990) cert. denied, 500 U.S. 915, 111 S.Ct. 2009 (1991). Absent the necessary relevant material in the record, an appellate court cannot consider the merits of an issue. See Tenn. R. App. P. 24(b). Thus, we are permitted to consider only the March 4, 1996 motion to dismiss as being contemporaneously entered. See Tenn. R. App. P. 36(a).

prejudice because he "lost a highly favorable witness [his wife] and one who would have contradicted the testimonies of [the minor victims] . . . ."

The speedy trial guarantee of the Sixth Amendment is designed to "minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." United States v. MacDonald, 465 U.S. 1, 8, 102 S.Ct. 1497, 1502 (1982). The right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the date of the trial. United States v. Loud Hawk, 474 U.S. 302, 310-12, 106 S.Ct. 648, 653-54 (1986). When a defendant contends that he was denied his right to a speedy trial, the reviewing court must conduct a four part balancing test to determine if this right was, indeed, abridged. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972). This test includes consideration of (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right; and (4) the actual prejudice suffered by the defendant because of the delay.[2] Id.

The length of the delay between indictment and trial is a threshold factor, and, if that delay is not presumptively prejudicial, the other factors need not be considered. Barker, 407 U.S. at 530, 92 S.Ct. at 2192. The delay in the present case was thirty-three months. While the length of delay, in and of itself, does not constitute a denial of a speedy trial given the complex nature of the charges, a delay of one year or longer "marks the point at which courts deem the delay unreasonable enough to trigger the Barker inquiry." Doggett v. United States, 505 U.S. 647, 652 112 S.Ct. 2686, 2691 n. 1 (1992). Thus, the delay in this case requires further review.

---

[2]In State v. Bishop, 493 S.W.2d 81 (Tenn. 1973), our supreme court implicitly adopted the Barker balancing test to determine whether a defendant's state constitutional and statutory right to a speedy trial has been violated.

4

Next, we inquire as to the reasons for the delay. Possible reasons for the delay are said to fall within four identifiable categories: (1) intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant; (2) bureaucratic indifference or negligence; (3) delay necessary to the fair and effective prosecution of the case; and (4) delay caused or acquiesced in, by the defense. State v. Wood, 924 S.W.2d 342, 346-47 (Tenn. 1996).

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered. . . . Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

Barker, 407 US. at 531, 92 S.Ct. at 2192.

In the present case, the delay arose on two occasions because the State was unable to secure the attendance of two material witnesses at trial, the victims of the offenses. As noted in Barker, the location of a missing witness serves to justify appropriate delay. On another occasion, a continuance was necessitated due to scheduling conflicts in the court's trial calendar. We conclude that these reasons for the delay were neutral and valid in nature and should be weighed less heavily against the State.

The third prong of the balancing test, the defendant's assertion of his right to a speedy trial, was not satisfied until the day his trial commenced. Again, as noted above, the record does not contain any other motions filed by the appellant nor does it contain the trial court's order dismissing this motion. Therefore, we are limited to consideration of the motion filed on March 4, 1996. The appellant's delayed assertion of this right weighs against his claim. Wood, 924 S.W.2d 347 (citing Barker, 407 U.S. at 531-32, 92 S.Ct. At 2192-93; Bishop, 493 S.W.2d at 85).

Our consideration of the remaining factor, whether the appellant was prejudiced by the delay, focuses upon (1) any undue and oppressive incarceration;

5

(2) the anxiety accompanying a public accusation; and (3) any impairment of the appellant's ability to prepare his defense. State v. Kolb, 755 S.W.2d 472, 475 (Tenn. Crim. App. 1988). The record does not demonstrate any oppressive pretrial incarceration, as the appellant was released on bail pending trial. Furthermore, there is no evidence that the appellant suffered undue anxiety and concern awaiting trial. However, the most important inquiry remains, whether the delay impaired the defendant's ability to prepare a defense.

The appellant contends that he has been "extremely prejudiced" by the several continuances because his wife left him during the delay and he had lost "a favorable witness." We find nothing in the record which supports this allegation. Although mention of marital discord is alluded to in the appellant's brief, again, as previously noted, we are precluded from considering as evidence factual allegations contained in the briefs. See Tenn. R. App. P. 24(b). Moreover, we must assume that, had the wife testified at trial, her testimony would have been motivated by her desire to tell the truth and not merely because she was married to the appellant. No prejudice has been shown. This issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOE B. JONES, Presiding Judge


_____
JOE G. RILEY, Judge

6