John Ben COLEMAN *v.* Floyd J. LOFTON, Judge, First Division, Pulaski County Circuit Court

CR 85-209                                    715 S.W.2d 435

Supreme Court of Arkansas
Opinion delivered September 15, 1986

*Henry N. Means, III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The issue in this case concerns the constitutional right to a speedy trial. John Ben Coleman argues that the state's ten month delay in serving the warrants of arrest irreparably harmed his defense. We find the petition for prohibition unconvincing and deny it.

Coleman was charged with rape and kidnapping. The arrest warrants were issued April 4, 1984, about ten days after the alleged crimes occurred. The warrants were served on February 26, 1985, over ten months later. A jury trial was set for November 4, 1985.

Three days before the trial, Coleman filed a motion to dismiss the charges because of the delay in bringing him to trial. Coleman primarily argues that a key defense witness, John Kelly, could not be located as a result of the delay in serving the warrants.

A hearing was held on the motion. Coleman testified about his efforts to locate Kelly. Coleman backtracked the places he and Kelly frequented asking about Kelly. He said he went to Marianna where Kelly lived prior to coming to Little Rock. Coleman heard Kelly had moved to Houston, but said he could not locate him. Coleman also testified as to Kelly's possible testimony. The trial judge ruled the motion untimely. The trial resulted in a mistrial because of a deadlocked jury.

Coleman petitioned this court for a writ of prohibition to prevent a second trial and to dismiss the charges on the same

grounds raised in his motion to dismiss. The only new argument is that another defense witness, Leslie Murphy, who testified at the trial, has since died.

Coleman argues that the trial was not held within the 18 months required by A.R.Cr.P. Rule 28.1. He contends the time begins to run from the date the charges are filed; therefore, his trial was held too late (19 months after the charges were filed). This argument fails because the time does not begin to run until the date of arrest. A.R.Cr.P. Rule 28.2 (a); *Walker* v. *State,* 288 Ark. 52, 701 S.W.2d 372 (1986); *Glover* v. *State,* 287 Ark. 19, 695 S.W.2d 829 (1985). Coleman's trial was held nine months after his arrest. He was in custody, if at all, only briefly.

Alternatively, Coleman argues that even if the time had not run, he was prejudiced by the delay in serving the warrants and entitled to dismissal of the charges. *Barker* v. *Wingo,* 407 U.S. 514 (1972); *Matthews* v. *State,* 268 Ark. 484, 598 S.W.2d 58 (1980). *Wingo* set no hard and fast rule regarding a speedy trial. Instead the United States Supreme Court established four factors to be considered in determining if an accused is denied a speedy trial. Those factors are the length of the delay, the reason for delay, the defendant's assertion of his right to a speedy trial, and actual prejudice to the defendant. Unless there is some delay which is presumptively prejudicial, there is no need to examine the other factors. *Barker* v. *Wingo, supra.*

Coleman's argument must focus on the pre-arrest delay because he did nothing to call the matter to the trial court's attention during the eight months after the arrest or at the arraignment until the motion to dismiss was filed three days before the trial. Coleman did not request a continuance to permit him more time to locate Kelly. We do not know why the sheriff's office did not serve the warrants in a timely manner. The warrants contained the following information: "John Coleman, B/M, Brown St., Little Rock, AR, Employed at one of the Safeway Stores on 12th LR, AR." The information for warrant section contained: "John Coleman, Brown St., Little Rock, AR exact address unknown 897-5188 Manager at Safeway 12th St., Little Rock, AR." However, Coleman's testimony at the hearing sheds some light on the situation. Coleman testified he lived on Brown Street in Wrightsville, not Little Rock. Coleman also testified he

was listed in the telephone directory with the same phone number since 1974 and he worked at Safeway since 1969, but he was off work for a period of time due to an illness. There is no evidence that the warrants were not served deliberately or intentionally to prejudice the defense. Coleman said he had no knowledge about the charges until he was arrested. The victim testified that she told Coleman she would report him to the police.

Any delay between the time the charge is made and the arrest, unless deliberately intended to prejudice the defendant, is not a consideration when determining if his constitutional rights have been violated. *United States* v. *Marion*, 404 U.S. 307 (1971). Indeed the petition would be denied perfunctorily if only lapse of time were the argument. In our judgment the rules of criminal procedure requiring trial within a specified period are the outer limits of time to bring a defendant to trial, and trials occurring within those limits are not presumptively prejudicial. *Matthews* v. *State, supra.* Therefore, the lapse of time in this case was not presumptively prejudicial. The burden of proof was on Coleman to show he was prejudiced by the pre-arrest delay.

Coleman's testimony was vague and uncertain about his efforts to locate John Kelly. He argued he could not find Kelly after he was arrested, but in his testimony at the hearing, he indicated that he had mentioned the charges to Kelly. His assertion of what he thought Kelly's testimony would be was uncorroborated. Even if the testimony was corroborated, it would not go to the issue of guilt or innocence of Coleman but to the victim's credibility.

The testimony of Murphy, the deceased witness who testified for Coleman at the first trial, can be used at a second trial. Coleman argues that Murphy and Sadie Jiles rented the house from Coleman where the alleged rape occurred. Murphy, however, did not mention to Coleman's lawyer that the bedroom doors had dead bolt locks and only Murphy and Jiles had keys. Coleman argues this testimony would contradict the victim's testimony that the rape occurred in the bedroom. Murphy's unavailability does not prejudice Coleman since Jiles is still available for the second trial and Murphy was available at the first trial for questioning. The trial court denied the petition and necessarily found that the evidence was unconvincing. We agree

and find the added allegation far short of the evidence of prejudice required to warrant an outright dismissal of the charges.

Petition denied.