IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
(HEARD AT CHATTANOOGA)

**FOR PUBLICATION**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | **Filed: November 17, 1997** |
| | ) | |
| Appellant, | ) | |
| | ) | DAVIDSON CRIMINAL |
| | ) | |
| Vs. | ) | |
| | ) | HON.  THOMAS H. SHRIVER, |
| | ) | JUDGE |
| DEMETRIUS DEWAYNE UTLEY, | ) | |
| | ) | |
| Appellee. | ) | No. 01-S-01-9604-CR-00120 |

**FILED**

**November 17, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

**For Appellant:**                                    For Appellee:

John Knox Walkup                              David Baker
Attorney General & Reporter              Assistant Public Defender
                                                          Nashville, Tennessee

Michael E. Moore
Solicitor General

Gordon W. Smith
Associate Solicitor General

Darian B. Taylor
Assistant Attorney General
Nashville, Tennessee

Victor S. Johnson, III
District Attorney General

William R. Reed
Assistant District Attorney
Franklin, Tennessee

# O P I N I O N

REVERSED AND REMANDED
TO THE TRIAL COURT                                            ANDERSON, C.J.

The question to be decided in this appeal is whether the defendant was denied his right to a speedy trial as required under the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution. To answer that question, we must determine the type of state action which will engage the defendant's right to a speedy trial.[1]

In this case, the trial court found that the speedy trial right was engaged by the issuance of an arrest warrant against the defendant and that a delay of five and one-half years from the issuance of the arrest warrant was a violation of the defendant's constitutional right to a speedy trial. As a result, the trial court dismissed the armed robbery charge. The Court of Criminal Appeals affirmed.

After a review of applicable federal and state authority, we conclude that the issuance of an arrest warrant alone does not trigger a speedy trial analysis and that the right to a speedy trial is not implicated until there is an arrest or a formal grand jury accusation. In this case, there was a delay of eight months from the service of the arrest warrant to the argument on the motion for speedy trial. Because the delay is not presumptively prejudicial under Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we conclude that the defendant's right to a speedy trial was not violated under the United States or Tennessee Constitutions.

We also conclude, however, that the five-year delay from the commission of the offense to the arrest, raises due process concerns under the United States and Tennessee Constitutions, and that a due process analysis is required as to whether the delay caused substantial prejudice to the defendant's right to a fair trial, and whether the delay was an intentional device to gain a tactical

---

[1] Oral argument was heard in this case on April 15, 1997, in Chattanooga, Hamilton County, Tennessee, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

advantage over the accused. Because this issue was not heard in the courts below and no record was developed, we reverse the judgment and remand the case to the trial court for further proceedings consistent with this Opinion.

## BACKGROUND

On June 4, 1987, a criminal arrest warrant for armed robbery was issued for the defendant, Demetrius Dewayne Utley, for an alleged offense committed on May 27, 1987, in Davidson County, Tennessee. The defendant was not served with the warrant until June of 1992, even though he had been in the State's custody for unrelated convictions for the majority of the five years. After the return of an indictment in September of 1992, the defendant moved to dismiss the charge because he had been denied his constitutional right to a speedy trial. The motion was filed in December of 1992 and granted in February of 1993.

The trial court concluded that the speedy trial right was triggered by the issuance of the arrest warrant in 1987, despite the fact that the defendant was not arrested or indicted until 1992. The court found that the five and one-half year period was "intolerable and egregious," particularly since the defendant had been in the custody of the state. After concluding that the defendant had been prejudiced, the trial court dismissed the armed robbery charge. The Court of Criminal Appeals agreed that the issuance of the arrest warrant triggered the right to a speedy trial. After applying the four-factor analysis in Barker v. Wingo, supra, the Court of Criminal Appeals concluded that the defendant's right to a speedy trial had been violated.

The State argues that the speedy trial right is not implicated until a formal grand jury accusation or the restraint provided by an actual arrest, and that prior to these events, the defendant is protected by the statute of limitations and the

right to due process. The defendant maintains that the lower courts correctly determined that his right to a speedy trial had been violated. We granted the State's application to appeal to consider this important issue.

## SPEEDY TRIAL

The Sixth Amendment to the United States Constitution provides in part that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. This provision is applicable to the states through the Fourteenth Amendment to the United States Constitution. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The Tennessee Constitution also provides that "in prosecutions by indictment or presentment [the accused has the right to] a speedy public trial." Tenn. Const. Art. I, § 9. The right to a speedy trial is also statutory in Tennessee: "In all criminal prosecutions, the accused is entitled to a speedy trial. . . ." Tenn. Code Ann. § 40-14-101 (1990).

The purpose of the speedy trial guarantee is to protect the accused against oppressive pre-trial incarceration, the anxiety and concern due to unresolved criminal charges, and the risk that evidence will be lost or memories diminished. Doggett v. United States, 505 U.S. 647, 654, 112 S.Ct. 2686, 2692, 120 L.Ed.2d 520 (1992). In Barker v. Wingo, supra, the Supreme Court established four factors to consider in evaluating a speedy trial issue: the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice suffered by the defendant from the delay. 404 U.S. at 530, 92 S.Ct. at 2192; see also State v. Bishop, 493 S.W.2d 81, 83-85 (Tenn. 1973) (adopting Barker analysis).

The threshold question in this case is what state action triggers speedy trial analysis. In United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 463,

30 L.Ed.2d 468 (1971), the United States Supreme Court said that "it is either a formal indictment or information or else the actual restraint imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provisions. . . ." Although not confronted with the issue of an arrest warrant, the Court said:

> [W]e decline to extend the reach of the amendment to the period prior to arrest.  Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusations: his situation does not compare with that of a defendant who has been arrested and held to answer. . . .

404 U.S. at 321-22, 92 S.Ct. at 463-64 (emphasis added); see also Doggett, 505 U.S. at 655, 112 S.Ct. at 2692 ("arrest, indictment or other official accusation").

From the time it was decided, the Tennessee Supreme Court has followed Marion.  In State v. Wood, 924 S.W.2d 342 (Tenn. 1996), we held that the defendant, who was charged in a sealed grand jury presentment, was an "accused" for purposes of the speedy trial provision because he was "faced with a formal accusation."  We stressed that it is "either a formal indictment or information or else the actual restraint imposed by arrest and holding to answer a criminal charge" that triggers the speedy trial analysis.  Likewise, in State v. Baker, 614 S.W.2d 352, 354 (Tenn. 1981), we relied on Marion in holding that "no speedy trial rights arise until after formal accusation, either by arrest or by grand jury action."[2]

Although we have not specifically addressed the issue in this Court, other state courts have.  The majority view of other state and federal jurisdictions is that the issuance of an arrest warrant or complaint does not invoke speedy trial

---

[2] The Court of Criminal Appeals has likewise relied on Marion in requiring a formal grand jury action or the actual restraints of an arrest and holding to answer a criminal charge. State v. Northcutt, 568 S.W.2d 636 (Tenn. Crim. App. 1978); Boswell v. State, 528 S.W.2d 825 (Tenn. Crim. App. 1975).

rights.[3]  For example, the Connecticut Supreme Court observed in State v. Crawford:

> [With respect to an intermediate court's decision,] we do not necessarily agree with the conclusion . . . that the issuance of an arrest warrant in and of itself triggers the sixth amendment right of a person not yet arrested to a speedy trial.  This conclusion does not comport with the purpose of the sixth amendment.  'The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nonetheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved charges.'

521 A.2d at 1039, n. 13 (quoting in part United States v. MacDonald, 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982)).

On the other hand, some courts have held that an arrest warrant or complaint does trigger speedy trial protection.  In State v. Holtslander, 629 P.2d 702 (Idaho 1981), the court, applying its state constitutional right to a speedy trial, held that an arrest warrant constitutes a formal charge and that the right to a speedy trial engages upon the issuance of a formal charge or arrest, whichever comes first.[4]

Like the other courts that follow the majority view, this Court has determined that a warrant alone does not trigger speedy trial analysis; to the contrary, a formal grand jury action or the actual restraints of an arrest are required.  Wood, 924 S.W.2d at 345; Baker, 614 S.W.2d at 353.  We have

---

[3] Pharm v. Hatcher, 984 F.2d 783 (7th Cir.), cert. denied, 510 U.S. 841, 114 S.Ct. 125, 126 L.Ed.2d. 89 (1993); Arnold v. McCarthy, 566 F.2d 1377 (9th Cir. 1978); Coleman v. Lofton, 715 S.W.2d 435 (Ark. 1986); State v. Crawford, 521 A.2d 1034 (Conn. 1987); Henson v. United States, 287 A.2d 106 (D.C. App. 1972); Preston v. State, 338 A.2d 562 (Del. 1975); Dillard v. State, 931 S.W.2d 157 (Mo. App. 1996); Rios v. State, 718 S.W.2d 730 (Tex. Crim. App. 1986).

[4] See also State v. Cordova, 448 A.2d 848 (Conn. Super. Ct. 1982); Williams v. Darr, 603 P.2d 1021 (Kan. App. 1979); State v. Brouillette, 286 N.W.2d 702 (Minn. 1979); State v. Lemay, 455 N.W.2d 233 (Wis. 1990); but see Pharm v. Hatcher, 984 F.2d at 784 (Wisconsin rule expressed in State v. Lemay "conflicts with federal case law.").  Still other courts hold that an arrest warrant may trigger speedy trial rights if the defendant is "subject to be tried on that document."  State v. Gee, 471 A.2d 712, 716 (Md.), cert. denied, 467 U.S. 1244, 104 S.Ct. 3519, 82 L.Ed.2d 827 (1984).

followed Marion's lead, reasoning that it is at this stage of arrest and grand jury action that the significant interests served by the right to a speedy trial are most directly implicated: the protection against oppressive pre-trial incarceration and the reduction of anxiety and concern caused by unresolved charges. See Marion, 404 U.S. at 321-22, 92 S.Ct. at 463-64. Moreover, as we and other courts have recognized, a defendant has other protections during delays prior to arrest, in particular, the applicable statute of limitations and the right to due process. As we noted in Baker,

> prior to formal accusation, the defendant's rights are protected by the statute of limitations. . . . [D]elay may [also] occur in such a manner that the defendant's Fifth Amendment right to due process -- in contrast to the Sixth Amendment right to speedy trial -- is violated.

614 S.W.2d at 354 (citing, Marion, 404 U.S. at 322-25, 92 S.Ct. at 464, and United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)).

The defendant argues, however, that the Court of Criminal Appeals, in deciding that the right to a speedy trial is triggered by the issuance of an arrest warrant, properly relied upon Tenn. Code Ann. § 40-2-104 (1990), which states in part that

> [a] prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided in chapter 3 of this title, or by making an appearance . . . .

(Emphasis added). But, we think the reliance is misplaced because this statute specifically pertains to the statute of limitations governing offenses and when a prosecution is commenced for that purpose.[5] There is a completely separate statute governing an accused's right to speedy trial which does not contain a specific triggering mechanism. See Tenn. Code Ann. § 40-14-101 (1990) ("In all

---

[5] Although we cited to this statute in dealing with the speedy trial issue in Wood, supra, we quoted only the portion regarding indictments and presentments. 924 S.W.2d at 345.

criminal prosecutions, the accused is entitled to a speedy trial"). Still another

statute, which sets forth the methods of prosecution, states that

> [n]o person shall be put to answer any criminal charge, but by
> presentment, indictment or impeachment; provided, that in
> accordance with the provisions of this chapter, an accused
> represented by an attorney may waive his right to be tried upon
> presentment or indictment and consent to prosecution by
> information.

Tenn. Code Ann. § 40-3-101 (1990). Accordingly, it is clear that Tenn. Code

Ann. § 40-2-104 does not support the broad proposition advanced by the

defendant and the Court of Criminal Appeals. Similarly, because due process

rights also protect against unreasonable delays, we reject the contention that

allowing the issuance of a warrant to commence the prosecution for the purpose

of the statute of limitations but not trigger the right to a speedy trial is "manifestly

unfair."

The defendant also relies on the advisory commission comments to Rule

4 of the Tennessee Rules of Criminal Procedure, which governs arrest warrants

and summons:

> [T]he form of the arrest warrant, as set out in Rule 4(c)(1), makes
> no distinction between warrants issued for persons not yet arrested
> and those warrants issued for persons already arrested without a
> warrant. . . . Such a warrant serves a dual function, first, as the
> authority for an arrest (where an arrest has not already been
> lawfully made) and, secondly, as a statement of the charge which
> the accused is called upon to answer. . . . <u>The command to arrest
> is obviously surplusage where the warrant is directed against one
> already in custody; but a warrant in such cases still serves as the
> official charging instrument, issued after a judicial finding of
> probable cause, and gives notice of the charge which must be
> answered</u>.

(Emphasis added). Neither Rule 4 nor the advisory comments address the right

to a speedy trial. Moreover, in spite of the reference to an "official charging

instrument," it is clear that the underlined passage pertains to an accused who

has already been arrested, which is consistent with what has been held to trigger the speedy trial right. See, e.g., State v. Baker, 614 S.W.2d at 353.

Accordingly, in our view the defendant's right to a speedy trial was triggered when he was served with the arrest warrant and arrested in June of 1992,[6] and not when the warrant was issued in June of 1987. Although the case was dismissed before a trial date was set, the motion was argued in February of 1993; thus, the delay was between arrest and dismissal, approximately eight months.

While such a delay must approach one year to trigger the Barker v. Wingo analysis, the line of demarcation depends on the nature of the case. The presumption that pre-trial delay has prejudiced the accused intensifies over time. Doggett, 505 U.S. at 652, 112 S.Ct. at 2691.

Here, the length of time was not presumptively prejudicial within the meaning of Barker v. Wingo. The defendant was arrested in June, indicted in September, and arraigned in October of 1992. After asserting his right to a speedy trial by moving to dismiss the charges in December of 1992, the motion was granted in February of 1993. Compare State v. Wood, 924 S.W.2d at 346 (delay of thirteen years). There was no "presumptively prejudicial" delay under the facts of this case. Therefore, without addressing the remaining factors, we conclude that the defendant's right to a speedy trial was not violated under the United States or Tennessee Constitutions.

---

[6] The State asserts that the defendant was not "arrested" in the traditional sense because he was already in custody when served with the warrant and that, therefore, the speedy trial analysis was not implicated until the indictment in September of 1992. We reject this contention; as we have discussed, the interests protected by a speedy trial were certainly implicated when he was served with the arrest warrants. See, e.g., Smith v. Hooey, 393 U.S. 374, 87 S.Ct. 575, 21 L.Ed.2d 607 (1969)(speedy trial interests apply to defendant already incarcerated on unrelated charges).

## DUE PROCESS

A delay that does not implicate the speedy trial right may still raise due process concerns under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 9 of the Tennessee Constitution. As the United States Supreme Court said in Marion, "[t]he Due Process Clause of the Fifth Amendment would require dismissal . . . if it were shown at trial that the pre-indictment delay . . . caused substantial prejudice to the [defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." 404 U.S. at 324-25, 92 S.Ct. at 465. Similarly, in State v. Gray, 917 S.W.2d 668, 671 (Tenn. 1996), we noted:

> [b]efore an accused is entitled to relief based upon the delay between the offense and the initiation of adversarial proceedings, the accused must prove that (a) there was a delay, (b) the accused sustained actual prejudice as a direct and proximate result of the delay, and (c) the State caused the delay in order to gain tactical advantage over or to harass the accused.

(quoting, State v. Dykes, 803 S.W.2d 250, 255 (Tenn. Crim. App. 1990)).[7]

In State v. Gray, we held that a 42 year pre-accusatorial delay, which we defined as the period between the offense and its disclosure to law enforcement officers, violated the defendant's right to due process. In so doing we found that requiring the defendant to prove "not only that a delay has caused prejudice but also that the State orchestrated the delay in order to obtain a tactical advantage" as required under Marion-Dykes was "extremely one-sided" and "place[d] a daunting, almost insurmountable [ ] burden on the accused." Id. at 673. Thus, given the unique facts in Gray, we held that in analyzing a pre-accusatorial delay during which the state was unaware of the commission of the crime, the trial court must consider only the length of the delay, the reason for the delay, and the degree of prejudice to the accused. We indicated, however, that in other

---

[7] This appears to be the prevailing view in a majority of jurisdictions. See, e.g., LaFave & Israel, Criminal Procedure, Vol. 2 § 18.5 at 429 (1984).

cases involving a pre-arrest delay, the due process inquiry continues to be guided by Marion.

In this case, neither the parties nor the trial court analyzed the delay between the commission of the offense and the defendant's arrest in June of 1992 as a due process issue under Marion, and there was no evidence offered as to prejudice suffered by the defendant. Instead, the trial court, relying upon Doggett, supra, in which the U.S. Supreme Court said that "affirmative proof of particularized prejudice is not essential to every speedy trial issue," mentioned the possible loss by the State of a photographic line-up and the possible difficulty the defendant would have in supporting an alibi defense. Similarly, the Court of Criminal Appeals stressed the possibility that the defendant could have received a sentence concurrent to the one he was serving on an unrelated conviction. See Smith v. Hooey, 393 U.S. at 379, 89 S.Ct. at 577 (in discussing speedy trial issue, Court noted possibility that defendant in prison might receive a sentence at least partially concurrent with the one being served).

Although Doggett may have relaxed the need for showing prejudice in relation to a sixth amendment speedy trial claim, it did not change the need to show actual prejudice in relation to a due process claim. See State v. Gray, 917 S.W.2d at 673; Pharm v. Hatcher, 984 F.2d at 786 n. 5. Thus, the factors cited by the lower courts, while certainly potential forms of prejudice, cannot be presumed and instead must be substantiated by the defendant with evidence in the record. Dillard v. State, 931 S.W.2d at 163. Moreover, the due process inquiry under Marion also requires proof regarding the State's use of the delay to gain tactical advantage.

Accordingly, the case must be remanded to the trial court for further proceedings on this issue. If the defendant shows that his right to due process

was violated under the standard set forth in <u>Marion</u>, the trial court shall dismiss the charge; otherwise, the trial should proceed.

## CONCLUSION

In our view, the defendant's constitutional right to a speedy trial was triggered at the time of his arrest and not at the time of the issuance of the arrest warrant, and the eight-month delay after the actual arrest did not deprive him of his constitutional right to a speedy trial.

We further conclude, however, that the five-year delay from the commission of the offense to the defendant's arrest raises due process concerns and requires a due process analysis under the United States and Tennessee Constitutions. Because this issue was not raised or heard in the courts below, we reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion.[8]

Costs of this appeal are taxed to the defendant, Demetrius Dewayne Utley, for which execution may issue.

_____
E. RILEY ANDERSON, CHIEF JUSTICE

**Concur:**

Drowota, Reid, Birch, and Holder, JJ.

---

[8] Finally, we note that the Court of Criminal Appeals expressed concern with regard to the sufficiency of the indictment after determining that it was issued after the statute of limitations but did not allege facts indicating when the prosecution was commenced. We since have held in <u>State v. Messamore</u>, 937 S.W.2d 916 (Tenn. 1996), that an indictment issued after the applicable statute of limitations need not allege facts to establish that the prosecution was timely commenced by another method.