IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY SESSION, 1999

FILED

March 31, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9804-CR-00179 |
| Appellant | ) | |
| | ) | DAVIDSON COUNTY |
| vs. | ) | |
| | ) | Hon. Frank G. Clement, Jr., Judge |
| JAMES G. FRAZIER, | ) | |
| | ) | (DUI) |
| Appellee | ) | |
| | | STATE APPEAL |

For the Appellee:

**Glenn R. Funk**
Attorney at Law
Suite 340-M, Washington Sq.
222 Second Avenue North
Nashville, TN 37201

For the Appellant:

**John Knox Walkup**
Attorney General and Reporter

**Daryl J. Brand**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Victor S. (Torry) Johnson III**
District Attorney General

**Edward S. Ryan**
Asst. District Attorney General
Washington Sq., Suite 500
222-2nd Ave. North
Nashville, TN 37201

OPINION FILED: _____

REVERSED WITH INDICTMENT REINSTATED

**David G. Hayes**
Judge

## **OPINION**

The State appeals the dismissal of an indictment by the Davidson County Probate Court. The trial court found that the prosecution's delay following indictment violated the appellee's Sixth Amendment right to a speedy trial. In this appeal, the State contends that the trial court committed error by failing to consider factors relevant to a speedy trial claim.

After review, we reverse the judgment of the trial court and reinstate the indictment.

## BACKGROUND

The appellee, James G. Frazier, was arrested on February 10, 1996, for driving under the influence. This charge was dismissed in General Sessions Court on June 12, 1996. On December 4, 1996, the State presented this case to a Davidson County grand jury. A true bill for DUI was returned and the appellee was subsequently arrested for this offense on January 25, 1998.[1] Following the appellee's arraignment for DUI in Probate Court, a motion to dismiss alleging denial of a speedy trial was filed on March 12, 1998. The proof at the scheduled hearing on the motion established that the appellee's address, telephone number and employment had not changed since his DUI arrest in February of 1996. The appellee admitted that he had conducted no pre-trial investigation following his initial charge for DUI. Also, he was unaware of any witness who was lost or unavailable or any evidence that had been destroyed. Moreover, the appellee testified that the indictment had not caused him any mental anguish or loss of sleep at night.

---

[1]On this date, the appellee was initially cited by the police with soliciting prostitution when it was discovered that a capias was outstanding for his arrest for DUI.

At the conclusion of the proof, the trial court found that:

> [N]o efforts were made by the authorities to notify him [appellee] of the action of the Grand Jury that and [sic] indictment was returned. The defendant did not attempt to prove any prejudice resulting from the delay . . . [i.e.,] no witnesses had been lost, his memory had not dimmed, and . . . had not suffered any mental anguish. . . . Therefore, the Court finds no specific factual prejudice to the defendant from the delay. . . .

In dismissing the indictment, the trial court acknowledged that generally a showing of prejudice is required upon a speedy trial violation, "[h]owever, the Court is concerned that for a period of years it is clear that sealed indictments are not served nor are any attempts made for their service unless and until the defendant is stopped at a later date."

ANALYSIS

Before embarking upon an examination of the appellee's speedy trial claim, it is first necessary to establish the starting point of his right to a speedy trial. The right attaches at the time of the actual arrest or formal grand jury action, whichever occurs first, and continues until the date of trial. State v. Utley, 956 S.W.2d 489, 493 (Tenn. 1997); see e.g., United States v. Loudhawk, 474 U.S. 302, 310-312, 102 S.Ct. 648, 653-654 (1986); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455 (1971). This right, however, does not apply during time periods when charges have been dismissed. United States v. MacDonald, 456 U.S. 1, 8-9, 102 S.Ct. 1497, 1502 (1982). In this case, because the indictment occurred before the appellee's arrest in January of 1998, the starting point for delay is the date of the indictment, December 4, 1996.

When a defendant contends that he was denied his right to a speedy trial, the reviewing court must conduct a four part balancing test to determine if this right was, indeed, abridged. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972).

3

This test includes consideration of (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the actual prejudice suffered by the defendant because of the delay. Id.; see also State v. Bishop, 493 S.W.2d 81, 84 (Tenn. 1973).

The length of the delay between the warrant and trial is a threshold factor, and, if that delay is not presumptively prejudicial, the other factors need not be considered. Barker, 407 U.S. at 530, 92 S.Ct. at 2192. A delay of one year or longer "marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* inquiry." Doggett v. United States, 505 U.S. 647, 652, 112 S.Ct. 2686, 2691 n. 1 (1992); see also Utley, 956 S.W.2d at 494. In the present case, the indictment was returned on December 4, 1996, and the delay continued until the scheduled date of the appellee's motion to dismiss the indictment which was heard on March 26, 1998. This approximate sixteen month delay, while satisfying the requirement of presumptive prejudice, however, weighs only slightly in favor of the appellee. Thus, we proceed to the second prong of this analysis.

The second prong of the inquiry examines the reasons for the delay. Possible reasons for the delay are said to fall within four identifiable categories: (1) intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant; (2) bureaucratic indifference or negligence; (3) delay necessary to the fair and effective prosecution of the case; and (4) delay caused, or acquiesced in, by the defense. State v. Wood, 924 S.W.2d 342, 346-347 (Tenn. 1996). In the instant case, the appellee related that his address, phone number, and place of employment had remained the same since his initial arrest. The police only arrested the appellee on the DUI charge following a subsequent unrelated arrest. Because the State offered no valid reason for the delay in serving the *capias*, this factor is weighed favorably for the appellee and against the State although not as heavily as deliberate delay. See Wood, 924 S.W.2d at 347.

4

Next, we examine whether the appellee asserted his right to a speedy trial. This factor was initially satisfied by the appellant's motion to dismiss the indictment for lack of a speedy trial on March 12, 1998, following his arraignment in Probate Court on February 19, 1998. The defendant's assertion of this right weighs in favor of his claim. Wood, 924 S.W.2d at 347 (citing Barker, 407 U.S. at 531-532, 92 S.Ct. at 2192-2193; Bishop, 493 S.W.2d at 85).

We view the final factor as the most important in the balancing test, i.e., prejudice to the defendant resulting from the delay. Wood, 924 S.W.2d at 348; Bishop, 493 S.W.2d at 85. In determining this remaining factor, we focus upon (1) any undue and oppressive incarceration; (2) the anxiety accompanying a public accusation; and (3) any impairment of the defendant's ability to prepare his defense. Bishop, 493 S.W.2d at 85; State v. Kolb, 755 S.W.2d 472, 475 (Tenn. Crim. App. 1988). It is undisputed, from the proof in the record, that the appellee was not prejudiced as a result of the delay in this case. Indeed, the trial court found no prejudice.

CONCLUSION

In sum, although the appellee has established a delay that is *prima facie* unjustified, he has, however, failed to demonstrate prejudice resulting from the delay. We acknowledge the trial court's frustration over the police department's "systematic" indifference in the execution of outstanding arrest warrants;

nonetheless, we are unable to conclude, under the Barker v. Wingo balancing test, that the appellee was denied his constitutional right to a speedy trial.

The judgment of the trial court is reversed and remanded to the trial court for reinstatement of the indictment against the appellee for driving under the influence.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JAMES CURWOOD WITT, JR., Judge

_____
JOHN EVERETT WILLIAMS, Judge