# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1999

FILED

July 23, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9808-CR-00346** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. FRANK G. CLEMENT, JR.** |
| **DONALD MCKINNEY,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Direct Appeal - DUI)** |

FOR THE APPELLANT:

HOLLIS I. MOORE, JR.
Office of the Metro Public Defender
1202 Stahlman Building
Nashville, TN  37201

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARVIN E. CLEMENTS
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

VICTOR S. JOHNSON
District Attorney General

EDWARD S. RYAN
Assistant District Attorney
Washington Sq., Ste. 500
Nashville, TN  37201-1649

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# <u>OPINION</u>

On January 18, 1998, the Davidson County Grand Jury indicted Appellee Donald McKinney for driving under the influence of an intoxicant, sixth offense. On July 7, 1998, Appellee filed a motion to dismiss the indictment. The trial court granted the motion on July 16, 1998. The State challenges the trial court's dismissal of the indictment, raising the following issue: whether the trial court erred when it determined that the indictment should be dismissed because Appellee's right to a speedy trial had been violated. After a review of the record, we find that neither Appellee's rights to a speedy trial nor his rights to due process of law were violated by the delay in bringing him to trial. The judgment of the trial court must therefore be reversed and the case remanded for trial.

## FACTS

The alleged offense in this case occurred on March 29, 1995. Arrest warrants were issued on May 2, 1995, but for some reason the warrants remained unserved until January 1, 1998.

At the hearing on this issue, Appellee argued that the indictment should be dismissed because the delay between the alleged offense and the serving of the warrants had violated his right to a speedy trial. Appellee contended that he was prejudiced by the delay because he was prevented from obtaining the blood sample taken at the time of the alleged offense so that independent tests could be conducted.

The trial court dismissed the indictment after finding that the delay between the alleged offense and the serving of the warrants had violated Appellee's right to a speedy trial. However, the trial court made no finding as to whether Appellee had been prejudiced by the delay.

**ANALYSIS**

The State contends that the trial court erred when it dismissed the indictment merely because of the delay between the date of the alleged offense and the date on which the warrants were served. We must agree.

**A. Right to a Speedy Trial**

The United States and Tennessee Constitutions guarantee the criminal defendant the right to a speedy trial. U.S. Const. amend. VI; Tenn. Const. art. I, § 9; State v. Utley, 956 S.W.2d 489, 492 (Tenn. 1997). The right to a speedy trial is also statutory in Tennessee. See Tenn. Code Ann. § 40-14-101 (1997). In addition, the Tennessee Rules of Criminal Procedure provide for the dismissal of an indictment, presentment, information or criminal complaint "[i]f there is unnecessary delay in presenting the charge to a grand jury against a defendant who has been held to answer to the trial court, or if there is unnecessary delay in bringing a defendant to trial . . . ." Tenn. R. Crim. P. 48(b).

The Tennessee Supreme Court has stated that "a warrant alone does not trigger speedy trial analysis; to the contrary, a formal grand jury action or the actual restraints of an arrest are required." Utley, 956 S.W.2d at 493. This is

-3-

because "it is at this stage of arrest and grand jury action that the significant interests served by the right to a speedy trial are most directly implicated: the protection against oppressive pre-trial incarceration and the reduction of anxiety and concern caused by unresolved charges." Id.

Under Utley, it is clear that Appellee's right to a speedy trial was not implicated when the alleged offense occurred on March 29, 1995, or when the warrants were issued on May 2, 1995. Rather, Appellee's right to a speedy trial was not implicated until the warrants were served on January 1, 1998. Appellee asserted that his right to a speedy trial was violated on July 7, 1998, and the trial court dismissed the indictment on July 16, 1998, approximately six and one half months after the warrants were served.

When an accused seeks the dismissal of a prosecution based upon the denial of the constitutional right to a speedy trial, the accused must establish a period of delay that is "presumptively prejudicial." State v. Jefferson, 938 S.W.2d 1, 12 (Tenn. Crim. App. 1996) (citing Doggett v. United States, 505 U.S. 647, 651, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992)); Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). The length of the delay is dependent upon the peculiar circumstances of each case, and the delay that can be tolerated for "an ordinary street crime" is generally much less than for a serious, complex felony charge. Barker, 407 U.S. at 530–31, 92 S.Ct. at 2193. A delay of one year or longer marks the point at which courts deem the delay unreasonable enough to trigger further inquiry. Utley, 956 S.W.2d at 494; Doggett, 505 U.S. at 652, n.1, 112 S.Ct. at 2691, n.1. If this threshold is crossed, a balancing test determines the merits of the speedy trial issue. In State v.

<u>Bishop</u>, 493 S.W.2d 81, 83–85 (Tenn. 1973), the Tennessee Supreme Court recognized and adopted the balancing test set forth in <u>Barker</u> in which four factors must be balanced.  The factors are (1) the length of the delay, (2) the reasons for the delay, (3) the accused's assertion of the right to speedy trial, and (4) the prejudice resulting from the delay.  <u>Barker</u>, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192;  <u>Bishop</u>, 493 S.W.2d at 83–84.

Here, the length of time was not presumptively prejudicial.  The warrants were served on January 1, 1998, Appellee was indicted on January 18, 1998, and the trial court dismissed the indictment on July 16, 1998.  Because this period of approximately six and one half months was less than one year, the period was not presumptively prejudicial.  Therefore, without addressing the remaining factors, we conclude that Appellee's right to a speedy trial was not violated under the United States or Tennessee Constitutions.  Thus, the trial court erred when it dismissed the indictment based on a violation of this right.

## B.  Due Process

The Tennessee Supreme Court has stated that "[a] delay that does not implicate the speedy trial right may still raise due process concerns under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 9 of the Tennessee Constitution."  <u>Utley</u>, 956 S.W.2d at 495.  However,

> [b]efore an accused is entitled to relief based upon the delay between the offense and the initiation of adversarial proceedings, the accused must prove that (a) there was a delay, (b) the accused sustained actual prejudice as a direct and proximate result of the delay, and (c) the State caused the delay in order to gain tactical advantage over or to harass the accused.

<u>Id.</u> (citation omitted).

Obviously, Appellee has demonstrated that there was a delay of slightly less than three years between the date of the alleged offense and the initiation of adversarial proceedings against him. Although Appellee contended during the hearing that he was prejudiced by the delay in that he was thereby prevented from obtaining the blood sample for independent testing, he did not introduce any evidence to support this claim nor did he introduce any evidence that independent testing would have yielded a result that was favorable to him. In addition, Appellee neither contended nor introduced any proof that the delay was caused by the State for the purpose of gaining a tactical advantage. Under these circumstances it appears that the delay in serving the arrest warrants was not so egregious that Appellee's rights to due process of law were violated.

Accordingly, the judgment of the trial court is REVERSED and this case is REMANDED for trial.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
THOMAS T. WOODALL, JUDGE


_____
NORMA MCGEE OGLE, JUDGE