IN THE COURT OF CRIMINAL APPEALS OF

AT NASHVILLE

JUNE 1999 SESSION



**FILED**

September 10, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,              )
                                 )      C.C.A. No. 01C01-9809-CR-00359
        Appellant,               )
                                 )      Davidson County
v.                               )
                                 )      Honorable Frank G. Clement, Jr., Judge
JIMMY FERGUSON,                  )
                                 )      (State Appeal)
        Appellee.                )


FOR THE APPELLANT:

PAUL G. SUMMERS
Attorney General & Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

VICTOR S. JOHNSON, III
District Attorney General

EDWARD S. RYAN
Assistant District Attorney General
222 Second Avenue North, Suite 500
Nashville, TN  37201-1649

FOR THE APPELLEE:

JERRED A. CREASY
176 Second Avenue North, Suite 500
Nashville, TN  37201


OPINION FILED: _____


REVERSED; INDICTMENT REINSTATED

ALAN E. GLENN, JUDGE

**O P I N I O N**

On July 6, 1994, the defendant, Jimmy Ferguson, was involved in a one-car accident. Warrants were issued that day, charging the defendant with driving under the influence and driving on a revoked license. He was indicted for these charges on March 30, 1998. There is no indication in the record that the state attempted to serve these warrants until March 30, 1998, when the defendant was arrested on other charges. The defendant was arraigned and pleaded not guilty on May 14, 1998. The trial court held a hearing on July 30, 1998, upon the defendant's motion to dismiss the two-count indictment on the grounds his right to a speedy trial and to due process of the law had been violated and the delay between issuing the warrants and serving the warrants constituted unjustifiable delay by the state. At the conclusion of the hearing, the trial court dismissed the indictment, and the state appealed. Based upon our review of the record and of applicable law, we reverse the decision of the trial court and reinstate the indictment.

The trial court held a thorough hearing in this matter, allowing attorneys for both the state and the defense to present arguments in support of their respective positions. Based upon statements of counsel during this hearing, it appears that the state's proof regarding the defendant's alleged intoxication would not have included results from a breath alcohol test. As a result, eyewitness testimony of those who observed the defendant at the time of the alleged offense would become important to both sides in establishing their positions. However, defense counsel candidly admitted to the trial court that the persons who were with his client shortly before the defendant operated the vehicle and was arrested consisted of the defendant's ex-wife and some of her family members, persons described as "hostile" to the defendant. Thus, it appears that the delay did not cause beneficial eyewitness testimony to be lost to the defense.

**DISCUSSION OF LAW**

At the conclusion of the hearing, the trial court dismissed the indictment based on

the defendant's claim that the almost four-year delay between the time he was charged and the time he was indicted constituted a denial of his right to a speedy trial. The court acknowledged that a strict application of the law required denial of the defendant's motion to dismiss. However, the court stated that the administrative delay and the absence of victims involved in the charged offenses warranted dismissal of the indictment. Despite the long delay, the existing law applicable to the Sixth Amendment right to a speedy trial and the Fifth Amendment right to due process conflict with the trial court's decision to dismiss the charges against the defendant. For this reason, we reverse the decision of the trial court and reinstate the indictment.

In determining if there has been a violation of the constitutional right to a speedy trial, only the time between the commencement of adversarial proceedings and the commencement of the trial will be considered; while, in determining if there has been a violation of constitutional due process, the time between the commission of the offense and the commencement of prosecution will also be considered. State v. Carico, 968 S.W.2d 280, 284 (Tenn. 1998).

Either a formal grand jury action or the restraints of arrest are required to trigger the right to a speedy trial under the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution. State v. Utley, 956 S.W.2d 489, 492 (Tenn. 1997) (citing United States v. Marion, 404 U.S. 307, 320, 92 S. Ct. 455, 463, 30 L.Ed.2d 468 (1971)). Although the state did not indict the defendant for almost four years after the offense, the delay between the indictment and the dismissal of the charges against the defendant was only four months. These facts do not evidence a violation of the right to a speedy trial.

A delay between the commission of an offense and the initiation of adversarial proceedings may raise due process concerns under the Fifth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution. Utley, 956 S.W.2d at 495. To determine whether a due process violation has occurred when the state is

3

aware that an offense has been committed, the defendant must establish: (1) a delay has occurred; (2) the delay caused prejudice to the defendant's right to a fair trial; and, (3) the state caused the delay to obtain a tactical advantage. Utley, 956 S.W.2d at 495 (citing State v. Gray, 917 S.W.2d 668, 671 (Tenn. 1996)).

In the case *sub judice*, obviously a delay has occurred. The most important question, although not determinative in every case, is whether the delay caused any prejudice to the defendant. Carico, 968 S.W.2d at 285. The trial court specifically found that no prejudice had resulted from the almost four-year delay. A review of the record reveals nothing to alter this conclusion. Additionally, no evidence exists that the state caused the delay to obtain a tactical advantage.[1] Thus, the defendant was not deprived of due process as a result of the almost four-year delay.

For these reasons, we reverse the decision of the trial court and reinstate the indictment.

_____
                             ALAN E. GLENN, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE

---

[1] Based upon statements made by the trial court in the hearing in this matter, it appears that the initial warrants may not have been served upon the defendant because of certain bureaucratic problems which had occurred in other cases as well.

4