IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2000 Session

## STATE OF TENNESSEE v. GLENN T. TIDWELL

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-T-866     Frank G. Clement, Judge**

_____

**No. M2000-00538-CCA-R3-CD - Filed July 9, 2001**

_____

The State of Tennessee appeals from the trial court's dismissal of an indictment for DUI against the appellee, Glenn Tidwell. The trial court determined that the indictment should be dismissed because Tidwell's right to a speedy trial had been violated. After a review of the record, we find that the appellee's right to a speedy trial was violated by the delay in bringing him to trial. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, J., and NORMA McGEE OGLE, J., joined.

Paul G. Summers, Attorney General & Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Victor S. Johnson, District Attorney General; James D. Sledge, Assistant District Attorney, for appellant, State of Tennessee.

Paul Bennett Seusy, Nashville, Tennessee for appellee, Glenn T. Tidwell.

### OPINION

#### FACTS

On February 16, 1997, the appellee was arrested for DUI in Davidson County. The case was scheduled for a preliminary hearing on three separate occasions, and on each occasion the hearing was continued at the request of the State. On August 21, 1997, the Honorable William Faimon dismissed the case. In October of 1997, the appellee was indicted by the Davidson County Grand Jury for DUI. In September of 1999, the appellee was involved in a one-car accident, and, subsequently, learned of the pending indictment for DUI. On September 30, 1999, the appellee was arraigned on the charges in the indictment, thirty-one months after his initial arrest and two years after the indictment by the Grand Jury. On October 12, 1999, the appellee filed a motion to dismiss the indictment. Following a hearing on February 10, 2000, the trial court granted the motion and

dismissed the indictment after finding that the appellee's right to a speedy trial had been violated.

ANALYSIS

The State contends that the trial court erred in dismissing the indictment because the defendant was not prejudiced by the delay. We must disagree.

The United States and Tennessee Constitutions guarantee the criminal defendant the right to a speedy trial. U.S. AMEND. VI; Tenn. Const. art. I, § 9; *State v. Utley*, 956 S.W.2d 489, 492 (Tenn.1997). The right to a speedy trial is also statutory in Tennessee. *See* Tenn. Code Ann. § 40-14-101 (1997). In addition, the Tennessee Rules of Criminal Procedure provide for the dismissal of an indictment, presentment, information or criminal complaint "[i]f there is unnecessary delay in presenting the charge to a grand jury against a defendant who has been held to answer to the trial court, or if there is unnecessary delay in bringing a defendant to trial. . . ." Tenn.R.Crim.P. 48(b).

The Tennessee Supreme Court has stated that "formal grand jury action or the actual restraints of an arrest are required" to trigger speedy trial analysis. *Utley*, 956 S.W.2d at 493. This is because "it is at this stage of arrest and grand jury action that the significant interests served by the right to a speedy trial are most directly implicated: the protection against oppressive pre-trial incarceration and the reduction of anxiety and concern caused by unresolved charges." *Id.*

Under *Utley* it is clear that the appellee's right to a speedy trial was implicated at a minimum when the Grand Jury returned the indictment in October of 1997. However, formal proceedings against the appellee began in February of 1997 after his arrest, and the appellee's right to a speedy trial was triggered at that time. The trial court dismissed the indictment in February of 2000, a delay of approximately three years in bringing the defendant to trial.

When an accused seeks the dismissal of charges based upon the denial of the constitutional right to a speedy trial, the accused must establish a period of delay that is "presumptively prejudicial." *State v. Jefferson*, 938 S.W.2d 1, 12 (Tenn.Crim.App.1996) *citing Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992); *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). The length of the delay is dependent upon the peculiar circumstances of each case, and the delay that can be tolerated for "an ordinary street crime" is generally much less than for a serious, complex felony charge. *Barker*, 407 U.S. at 530-31, 92 S.Ct. at 2193. A delay of one year or longer marks the point at which courts deem the delay unreasonable enough to trigger further inquiry. *Utley*, 956 S.W.2d at 494; *Doggett*, 505 U.S. at 652, n. 1, 112 S.Ct. At 2691, n. 1. If this threshold is crossed, a balancing test determines the merits of the speedy trial issue. In *State v. Bishop*, 493 S.W.2d 81, 83-85 (Tenn.1973), the Tennessee Supreme Court recognized and adopted the balancing test the United States Supreme Court set forth in *Barker* in which four factors must be balanced. The factors are (1) the length of the delay, (2) the reasons for the delay, (3) the accused's assertion of the right to speedy trial, and (4) the prejudice resulting from the delay. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192; *Bishop*, 493 S.W.2d at 83-84.

This court also recognizes that findings of fact by the trial judge are presumed correct and may only be overcome by a preponderance of the evidence contrary to that finding. Tenn. R. App. P. 13(d). The Tennessee Supreme Court has held that "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State v. Odom*, 928 S.W.3d 18, 23 (Tenn. 1996). The party

prevailing at the trial court level is entitled to the "strongest legitimate view of the evidence" as well as "all reasonable and legitimate inferences that may be drawn from that evidence." *Id.*

### (1) The Length of the Delay

As noted above, a delay of one year or longer "marks the point at which courts deem the delay unreasonable enough to trigger the Barker inquiry. *Doggett*, 505 U.S. at 652 n. 1., 112 S.Ct. at 2691 n. 1.; *see also Utley*, 956 S.W.2d at 494. The State concedes that the delay in this case is presumptively prejudicial and meets the threshold for consideration of the other factors. We find that this factor weighs in the appellee's favor.

### (2) The Reason for the Delay

Reasons for the delay of prosecution fall within four categories: (1) intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant; (2) bureaucratic indifference or negligence; (3) delay necessary to the fair and effective prosecution of the case; and (4) delay caused, or acquiesced in by the defense. *State v. Wood*, 924 S.W.2d 342, 346-347 (Tenn. 1996). The trial court clearly found that the reason for delay in the instance case was bureaucratic indifference and we must agree.

The trial court expressed great concern at the current state of the Davidson County Warrant Office and that Division's apparent inability to function with any degree of success. Specifically, Lieutenant Robert Womack, chief of the Davidson County Metropolitan Police Department's Warrant Office stated that the office has between 35,000 and 50,000 unserved warrants and a staff of only five officers at any given time. Due to chronic understaffing, the Warrant Office almost never actively attempts to serve a warrant on a person unless that person is brought into custody for other charges. Lieutenant Womack testified that less than one percent of the Warrant Office's activities involve serving outstanding warrants on at-large defendants. Lieutenant Womack also discussed the Warrant Office's mailing system that notifies misdemeanor defendants that they have warrants pending, but stated that no such notice would ever be given a DUI defendant. It is clear from the testimony of Lieutenant Womack that the Davidson County Metropolitan Police Department does not consider the service of an indictment on a DUI defendant a priority.

During the hearing before the trial court, the prosecution attempted to rely on Lieutenant Womack's testimony and the evidence of an understaffed and underfunded Warrant Office as an explanation for the delay in bringing the appellee to trial. Such reliance is unfounded. The Tennessee Supreme Court held in *State v. Bishop* that "[t]he lack of financial resources for this purpose on the part of the State of Tennessee is not a legally justifiable reason to deny a defendant his constitutional right to a speedy trial." *State v. Bishop*, 493 S.W.2d 81, 84 (Tenn. 1973). In fact, in *Bishop*, the prosecuting attorney made a diligent effort to provide the defendant with a speedy trial, but the court held that the duty to bring the defendant to trial is "a duty imposed on the State through all agencies and departments affecting the administration of justice." *Id.* The *Bishop* Court went on to quote the United States Supreme Court in *Dickey v. Florida* by stating that the "public officials responsible for the delay may not even be associated with law enforcement agencies or the courts" and a delay that springs from the "refusal by other branches of government to provide these agencies and the judiciary with the resources necessary for speedy trials" will be considered against the State. *Bishop*, 493 S.W.2d at 84, *quoting Dickey v. Florida*, 398 U.S. 30, 51, 90 S.Ct. 1564, 1575, 26 L.Ed.2d 26 (Justice Brennan concurring).

The evidence produced at the hearing clearly supports the trial judge's finding that this factor should be weighed against the state and for the appellee.

### (3) The Accused Assertion of the Right to a Speedy Trial

The Tennessee and United States Supreme Court have both recognized that "an accused who is unaware that charges are pending against him or her, as is often the case where an indictment has been sealed and not served, cannot be penalized for his or her failure to assert the speedy trial right." *State v. Wood*, 924 S.W.2d 342, 351, n. 13 (Tenn. 1996); *citing Doggett*, 505 U.S. at 652-654, 112 S.Ct at 2691. The appellee filed a motion to dismiss the indictment just two weeks after he first became aware of the indictment. Both parties agree that the appellee timely asserted his right to a speedy trial.

### (4) Prejudice

The final factor to be reviewed in determining whether a defendant's right to a speedy trial has been violated is whether the defendant has been prejudiced due to the delay. *Wood*, 924 S.W.2d at 348; *Bishop*, 493 S.W.2d at 84. This final factor is also the most important of the four balancing factors. *Id*. In determining this remaining factor, we focus on (1) any undue and oppressive incarceration, (2) the anxiety accompanying a public accusation, and (3) any impairment of the defendant's ability to prepare his defense. *Bishop*, 493 S.W.2d at 85; *State v. Kolb*, 755 S.W.2d 472, 475 (Tenn.Crim.App. 1988). In applying the third of these considerations, the impairment of defense, the Tennessee Supreme Court and the United States Supreme Court have acknowledged that

> impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. . . . [E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria, it is part of the mix of relevant facts, and its importance increases with the length of the delay.

*Wood*, 924 S.W.2d at 348; *citing Doggett*, 505 U.S. at 655, 112 S.Ct. at 2692-93 (citations omitted).

In this case, the trial court found that the appellee was prejudiced by the delay of the State in bringing him to trial because the appellee could no longer remember the specifics of the events surrounding his DUI arrest. The appellee could not even state with certainty whether he was alone in the car at the time of his arrest. The trial court also found that the appellee's cognitive skills were impaired and would also hinder his defense. In addition to the trial court's findings, a review of the record reveals that the State's chief witness, the arresting officer, also exhibited an inability to remember some of the specifics of the case.

Based on the record, we find the evidence supports the trial court's finding that the defendant suffered prejudice due to the State's delay in bringing him to trial.

### CONCLUSION

Based on the foregoing, we find that the appellee was denied his right to a speedy trial in violation of the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the Tennessee Constitution.

_____
JERRY L. SMITH, JUDGE