**STATE of Tennessee, Appellee,**

v.

**Elwood Dewayne HOWARD, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 3, 1985.

Permission to Appeal Denied by Supreme Court July 8, 1985.

Richard P. Baltz, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Bettye Springfield-Carter, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Mark Beveridge, Asst. Dist. Atty. Gen., Nashville, for appellee.

DUNCAN, Judge.

## OPINION

The defendant, Elwood Dewayne Howard, was convicted of first degree murder while in the perpetration of robbery and received a sentence of life imprisonment. He was also convicted of two (2) offenses of armed robbery and received a sentence of fifty (50) years for each of these offenses, these sentences to be served concurrently with his life sentence.

We note that the defendant and two (2) accomplices, Thomas Lewis and Melvin Lin-

ton, were jointly indicted for the felony-murder of Levy Barbour, and for the armed robbery of both Scott Riddle and Barbara Weakley. The case against Lewis and Linton was severed from the defendant's case, and the present appeal concerns only the defendant Howard.

In this appeal, the defendant contests the evidence, and he also says that the trial court erred in denying his request to charge the law on voluntary intoxication. We find no merit to either complaint.

The State's evidence showed that on the night of April 12, 1983, the deceased, Levy Barbour, in company with Scott Riddle and Barbara Weakley, drove to Jo Johnston Avenue in Nashville, ostensibly for the purpose of buying some narcotics. They stopped their car and had some discussion with a man about a drug transaction. The man left, and subsequently, the defendant and his two (2) companions, Lewis and Linton, approached the car.

The defendant was armed with a pistol. The deceased was shot in the head from which wound he subsequently died. The robbers took money from the deceased's pocket, and took Riddle's checkbook, credit card, and driver's license. The robbers also took Ms. Weakley's purse from the car. The purse contained cigarettes, a lighter, some papers, keys, and some change.

According to the testimony of Scott Riddle, Mr. Barbour was seated in the driver's seat. He identified the defendant as the man who had the gun. He said the defendant grabbed money (about $25.00) from Mr. Barbour's pocket and then shot him in the head. The robbers then took Riddle's articles, and took Ms. Weakley's purse.

George White, who lived near the scene, testified he heard a shot, and then saw the defendant at the driver's side of the car. He said the defendant had a pistol in his hand. White stated that he had known the defendant for fifteen (15) years.

Barbara Weakley testified about the events and said the robbers took her purse. She could not positively identify the defendant as the man who shot Mr. Barbour, but said he "favors him."

Other evidence showed that when Lewis and Linton were arrested, they gave statements to the police which, in effect, implicated the defendant in these crimes. These statements were read to the jury, without objection by the defendant. There were some discrepancies between these two (2) statements and apparently, the defendant was of the opinion that they would serve his cause. When the State offered these statements, defense counsel commented that he had no objection and that "[i]t's kind of what I was hoping would happen."

After the State rested its proof, the defendant testified and denied any knowledge of the murder and robberies. He said he was on the sidewalk on Jo Johnston Avenue at the time the crimes occurred, but that he was not at the car occupied by the victims. He stated that he was just standing around, drinking beer. He realized something was going on when he heard some shots, but said that he did not see what happened. He said he could not remember what he was doing earlier in the evening, but at another point in his testimony, he said that earlier he was in the park "getting high, smoking weed, and drinking some liquor." Later, he testified he was "doing no drugs" that night. When asked by the State's attorney if he was drunk that night, he responded "probably so." He admitted that after his arrest, he told the police that he heard two (2) shots and saw two (2) people running down the hill, but testified that he made that up, adding "I ain't seen nobody running." He said he had no idea what happened at that car that night, and that he could not remember what he did the rest of the night.

■ Clearly, from the above summary of the evidence, the defendant's guilt of these crimes was fully established beyond a reasonable doubt. The evidence is more than sufficient to show that the defendant shot and killed Mr. Barbour while perpetrating a robbery upon him, and that he was an active participant in the armed robberies of Riddle and Weakley. The proof satisfies

the evidentiary requirements of T.R.A.P. 13(e) and *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Further, the defendant complains that the evidence is insufficient to support his conviction for the robbery of Ms. Weakley because her purse was taken from the car and not from her person.

T.C.A. § 39–2–501 proscribes the offense of robbery, and in pertinent part states:

Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. . . .

■ The "taking from the person," as mentioned in the statute, may be satisfied by a showing that the items were taken from the person of the victim or were taken in the victim's presence. *Jones v. State,* 214 Tenn. 683, 383 S.W.2d 20 (1964); *State v. Miller,* 608 S.W.2d 158 (Tenn.Cr.App. 1980). The evidence showed that Ms. Weakley's purse was taken from the car, in her presence. That proof was sufficient to show that the purse was in her constructive possession and thus satisfied the "taking from the person" requirement of the statute.

In his final complaint, the defendant contends that the trial court should have charged the jury concerning the law on voluntary intoxication.

The trial court was of the opinion that the evidence did not warrant such a charge. We agree.

■ Voluntary intoxication is not available as a defense in felony-murder. When a defendant commits murder while in the perpetration of a felony, the elements of premeditation and deliberation are implied from the commission of the felony, regardless of the extent of a defendant's intoxication. *See Tosh v. State,* 527 S.W.2d 146 (Tenn.Cr.App.1975); *Farmer v. State,* 201 Tenn. 107, 296 S.W.2d 879 (1956); *see also Claiborne v. State,* 555 S.W.2d 414 (Tenn.Cr.App.1977). Thus, even if the proof showed that the defendant was intoxicated, such would be irrelevant as to his felony-murder conviction.

Further, regarding a specific intent crime, such as robbery, proof of intoxication alone is not a defense to such crime. There must be some evidence that the intoxication deprived the accused of the mental capacity to form specific intent. The determinative question is not whether the accused was intoxicated, but what was his mental capacity at the time. *Harrell v. State,* 593 S.W.2d 664 (Tenn.Cr.App.1979).

■ Moreover, we point out that the defendant did not rely on the defense of voluntary intoxication. He testified that he did not commit the crimes and had no part in them. At no time did he indicate that any of his actions were the result of his intoxication. His inability to remember some of his actions before and after the crimes is not itself proof of his mental condition at the time of the crimes. *Thomas v. State,* 201 Tenn. 645, 301 S.W.2d 358 (1957).

■ Additionally, the defendant's testimony that he had been drinking beer and was "probably drunk" does not rise to the level of showing that he was mentally incapable of forming the specific intent to commit the robberies. We point out that there was no proof from any of the other witnesses in the case that gave any indication that the defendant was intoxicated at the time of the crimes.

We find that the trial court correctly declined the defendant's request to charge on voluntary intoxication.

The judgments of the trial court are affirmed.

DWYER and BYERS, JJ., concur.